IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WARREN V. JOHNSON,

    Plaintiff,

v.

EARLY WARNING SERVICES, LLC,

    Defendant.

Case No. 25-2364-DDC-TJJ

## MEMORANDUM AND ORDER

On July 7, 2025, plaintiff Warren V. Johnson[1] filed a Complaint and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Doc. 1; Doc. 4. In a nutshell, plaintiff asks this court to enjoin an order issued by another court—the United States District Court of the District of Arizona. In the Arizona litigation, plaintiff is a defendant in a trademark infringement and trade secrets case filed by his former employer, Early Warning Services, LLC (EWS)—defendant here. *See* Complaint, *Early Warning Services, LLC v. Johnson* [*Early Warning Services*], No. 24-1587 (D. Ariz. filed June 28, 2024), ECF No. 1. When issuing a preliminary injunction in that trademark infringement case, the Arizona district court ordered forensic imaging. Specifically, it ordered plaintiff to "provide access to all digital electronic devices and media and all electric mail and storage accounts . . . that may include EWS's

---

[1] Plaintiff appears pro se. Typically, the court construes pro se filings liberally and holds pro se parties "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the pro se plaintiff here is an attorney. *See* Doc. 1 at 9 ("Mr. Johnson is a practicing attorney with over a decade of experience." (quotation cleaned up)). So, the court tempers its liberality. *See Tatonka Cap. Corp. v. Connelly*, 390 F. Supp. 3d 1289, 1291 n.1 (D. Colo. 2019) ("Mr. Connolly appeared at the trial pro se, but he is an attorney and the Court treats him as a represented party." (quotation cleaned up)), *aff'd*, 839 F. App'x 206 (10th Cir. 2020).

Confidential Information or Trade Secrets for forensic imaging of those devices and accounts . . . by EWS's forensics vendor." *Id.*, ECF No. 70 at 16–17. In this action, plaintiff alleges the forensic imaging order "relies entirely" on a fraudulent declaration. Doc. 1 at 6. Plaintiff thus contends the order is a "fraud-based injunction" aligning with a pattern of "judicial retaliation" by the Arizona district court. *Id.* at 1–2. And so, plaintiff asserts, this court must enjoin the order before the forensic imaging takes place on July 10, 2025. *Id.* at 1; *see also id.* at 41 (Pl. Ex. E) (email designating forensic imaging to occur July 10 or 11, 2025).

But plaintiff didn't put all his eggs in this court's basket. He also has sought and currently seeks relief premised on similar fraud and retaliation allegations in other courts. For starters, the Arizona district court has addressed plaintiff's judicial fraud and retaliation arguments already when issuing an order denying his Motion for Judicial Recusal. *Early Warning Services*, No. 24-1587, ECF No. 172. Plaintiff also filed a motion in the Arizona case on July 5, 2025—two days before filing this case—asking the Arizona court to modify the forensic imaging order before July 10, 2025. *Id.*, ECF No. 185. That motion remains pending.

Also pending is an appeal to the Ninth Circuit, asking it to vacate the same injunction plaintiff asks this court to enjoin. Appellant's Opening Brief at 4, *Johnson v. Early Warning Services, LLC* [*Johnson PI Appeal*], No. 24-7315 (9th Cir. appeal filed Dec. 5, 2024), ECF No. 19.1. Indeed, plaintiff's injunction appeal was submitted on the briefs the same day he filed the present action with our court, July 7, 2025. *See id.*, ECF No. 63; Doc. 1. And plaintiff already had recited his allegations of judicial fraud and retaliation to the Ninth Circuit in a Petition for a Writ of Mandamus, denied by the Ninth Circuit on May 23, 2025. *Johnson v. U.S. District Court for the District of Ariz.* [*Johnson Mandamus Petition*], No. 25-3212 (9th Cir. May 23, 2025), ECF No. 9.1.

2

The court denies plaintiff's Motion for a Temporary Restraining Order (Doc. 4). In light of plaintiff's other attempts to present similar arguments, the court likely will abstain from exercising jurisdiction under the first-to-file rule. Such anticipated abstention precludes a finding that plaintiff is likely to succeed on the merits of his claim—a required element for a TRO. The court explains its conclusion, below, starting with the legal standard for a TRO.

### I.     Legal Standard for Temporary Restraining Order

A party seeking a TRO must show: (1) that he's substantially likely to succeed on the merits; (2) that he will suffer irreparable injury if the court denies the requested relief; (3) that his threatened injury without the restraining order outweighs the opposing party's injury under the restraining order; and (4) that the requested relief is not adverse to the public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019).

A plaintiff seeking preliminary relief must make a "clear and unequivocal showing" on all four requirements. *Colorado v. EPA*, 989 F.3d 874, 883 (10th Cir. 2021) (quotation cleaned up). And, in our Circuit, when "the failure to satisfy one factor is dispositive, a court need not consider the other factors" for preliminary relief. *Id.* at 890 (declining to consider the remaining factors where plaintiffs failed to show irreparable harm). The decision whether to issue "a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court." *Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 906 (D. Kan. 1995).

### II.    Analysis

The court concludes plaintiff is unlikely to succeed on the merits of his claim here. That's so because it's likely that the court will abstain from exercising jurisdiction here under the first-to-file rule. *See Schwab v. Kansas*, 691 F. App'x 511, 514 (10th Cir. 2017) ("[T]he district

3

court did not abuse its discretion in holding that there was little or no likelihood of success on the merits because the claims were barred on the ground of abstention[.]"); *Culbertson v. Billam*, No. 25-4049-JAR-TJJ, 2025 WL 1368846, at *4 (D. Kan. May 12, 2025) (concluding that either *Younger* abstention or *Rooker-Feldman* doctrine likely applied such that court likely lacked jurisdiction and "if the Court lacks jurisdiction, it forecloses any finding of substantial likelihood of success on the merits" (quotation cleaned up)). "[A]bstention may be raised by the court Sua sponte." *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976).

"The first-to-file rule is a judicially created doctrine of federal comity, which exists to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Muscogee (Creek) Nation v. CVS Caremark, LLC*, No. 23-CV-260-RAW-GLJ, 2024 WL 3391112, at *2 (E.D. Okla. May 8, 2024), *report and recommendation adopted*, 2024 WL 3834186 (E.D. Okla. Aug. 15, 2024). When deciding whether to apply this "baseline" rule, courts evaluate three factors: "'(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'" *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)). The first-to-file rule is also subject to equitable exceptions. *See id.* (indicating equitable considerations include "inequitable conduct, bad faith, anticipatory suits, and forum shopping"). The "second-filing party must prove" any "equitable exceptions[.]" *Consumers Unified, LLC v. NRRM, LLC*, No. 23-CV-436-JFJ, 2024 WL 4399473, at *8 (N.D. Okla. Oct. 3, 2024).

Applying the first-to-file rule factors here, the court concludes it is likely to abstain from exercising jurisdiction. But before the court evaluates the three factors guiding this rule, it

4

addresses how the present case implicates the rule's underlying principle.  Recall that the rule promotes federal comity, which seeks "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *Muscogee (Creek) Nation*, 2024 WL 3391112, at *2 (quotation cleaned up).  Those concerns are near their peak in this case.

For starters, plaintiff's Complaint here bears a striking resemblance to his Motion for Judicial Recusal filed in the Arizona litigation.  Plaintiff alleges judicial fraud in his Complaint here.  Doc. 1 at 1–3.  And that fraud allegedly enabled the forensic imaging order that drives his bid for emergency injunctive relief.  *Id.* at 6.  He identified the same alleged fraud to support his recusal motion in the Arizona litigation.  Defendant's Motion for Judicial Recusal at 3, *Early Warning Services*, No. 24-1587, ECF No. 150.  In both cases, plaintiff premised these fraud allegations on the Arizona court's approach to an allegedly false declaration submitted by EWS general counsel, Tracy Cheney.  Doc. 1 at 2–3, 6–7; *Early Warning Services*, No. 24-1587, ECF No. 150 at 3.  Plaintiff also pointed to the Arizona court's alleged systematic retaliation in both filings.  *See* Doc. 1 at 9, 44; *Early Warning Services*, No. 24-1587, ECF No. 150 at 2, 10.  District of Arizona Judge Susan M. Brnovich already addressed plaintiff's fraud and retaliation allegations in a balanced, thoughtful Order denying his recusal motion.  *See Early Warning Services*, No. 24-1587, ECF No. 172 at 3–4, 5–6.  Also relevant, plaintiff reports that a motion to provide protective controls to govern the forensic imaging remains pending in the Arizona district court case.  Doc. 1 at 42.

What's more, plaintiff has brought similar fraud and retaliation concerns to the Ninth Circuit—twice.  *First*, plaintiff appealed the preliminary injunction issued by the Arizona district court.  Appellant's Opening Brief at 4, *Johnson PI Appeal*, No. 24-7315, ECF No. 19.1.  That

preliminary injunction orders the same forensic imaging plaintiff wants this court to enjoin here. *See Early Warning Services*, No. 24-1587, ECF No. 70 at 16–17. In his opening appellate brief, plaintiff alleges that "the district court adopted EWS's fabricated narrative wholesale, disregarding rebuttal evidence, misapplying trade secret law, and granting an overbroad injunction unsupported by the record." Appellant's Opening Brief at 4, *Johnson PI Appeal*, No. 24-7315, ECF No. 19.1. That appeal was submitted on the briefs the same day plaintiff filed this Kansas case, July 7, 2025.

*Second*, plaintiff filed an Emergency Petition for Writ of Mandamus at the Ninth Circuit. *Johnson Mandamus Petition*, No. 25-3212, ECF No. 1. There, too, plaintiff articulated the same fraud and retaliation allegations. *Id.*, ECF No. 1.1 at 2–3 (outlining allegations of judicial misconduct, judicial retaliation, minimizing perjury, and contradictory rulings and asking Ninth Circuit to direct dismissal or reassignment and vacatur of all "tainted rulings"). Three days later, the Ninth Circuit denied plaintiff's Petition, finding that plaintiff hadn't "demonstrated a clear and indisputable right to the extraordinary remedy of mandamus." *Id.*, ECF No. 9.1 at 1. And, on May 28, 2025, the Ninth Circuit denied plaintiff's Motion for Reconsideration. *Id.*, ECF No. 13.1 at 1.

In sum, plaintiff's filing here adds a third court to an ongoing, well-developed fray. To provide plaintiff's requested emergency relief, this court would have to weigh in on already decided and still pending matters in another federal district court and a Circuit court. Such interference would involve duplicating rulings, trenching upon a sibling court, and resolving issues in a piecemeal fashion—the very concerns the first-to-file rule exists to avoid. *Muscogee (Creek) Nation*, 2024 WL 3391112, at *2; *see also Rasmussen v. Burnett*, No. 24-CV-1727-SKC-KAS, 2025 WL 605250, at *6 (D. Colo. Feb. 25, 2025) (weighing "significant risk of

encroachment upon a sister court's authority or inconsistent rulings" when deciding first-to-file issue). The first-to-file rule's underlying principles thus indicate the court should abstain here.

The three-factor test suggests the same result. Take factor one: chronology of events. Chronology is typically a straightforward analysis, requiring "only a comparison of the two filing dates." *Wakaya Perfection*, 910 F.3d at 1124. That's so because "'the first court in which jurisdiction attaches has priority to consider the case' and jurisdiction 'relates back to the filing of the complaint.'" *Id.* (quoting *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982)). Here, EWS filed a case against Mr. Johnson, Mr. O'Loughlin, and P.A.Z.E. LLC on June 28, 2024, in the District of Arizona. *Early Warning Services*, No. 24-1587, ECF No. 1. Mr. Johnson filed the present case on July 7, 2025—more than a year later. Doc. 1. That timeline favors applying the first-to-file rule here.

So do factors two and three. Both of these factors call for substantial overlap between the two federal cases—similarity of parties and similarity of issues or claims. The inevitability of a federal forum here tempers the level of similarity the rule requires, however. *Wakaya Perfection*, 910 F.3d at 1127. Our Circuit has clarified: "We place less weight on similarity when considering abstention in concurrent federal cases than when one of the cases is in state court; when two federal cases are involved, we do not risk depriving a litigant of a federal forum." *Id.* So, the "parties and issues need not be identical for application of the first to file rule." *Consumers Unified*, 2024 WL 4399473, at *7. "Instead, substantial overlap between the parties and issues is sufficient, with the overarching goal to avoid inconsistent rulings between the two cases." *Id.* (quotation cleaned up).

Here, both parties to this Kansas case are also parties in the Arizona litigation—a complete overlap. *See* Complaint, *Early Warning Services*, No. 24-1587, ECF No. 1. To be sure,

there are two additional defendants in the Arizona case not included here: Mr. O'Loughlin, and P.A.Z.E. LLC. *See id.* But the first-to-file rule doesn't require identical parties. *Consumers Unified*, 2024 WL 4399473, at *7. And the cases' parties may attain identical status soon, anyway. While both excluded parties remain in the Arizona litigation currently, the Clerk has entered an entry of default against each of them. Clerk's Entry of Default, *Early Warning Services*, No. 24-1587, ECF No. 62 (against P.A.Z.E. LLC); *id.* at ECF No. 171 (against Brandon O'Loughlin). And a motion for default judgment against P.A.Z.E. LLC is pending. *Id.* at ECF No. 104. The two cases' parties thus overlap sufficiently—even now—to satisfy the second first-to-file factor. And that overlap may increase over time.

The issues and claims at stake enjoy a similarly sufficient overlap. As discussed earlier, plaintiff asks this court to revisit allegations of judicial fraud and retaliation already addressed in some capacity by the Arizona district court and the Ninth Circuit. What's more, plaintiff seeks substantially similar relief from all three courts simultaneously. *First*, his appeal asks the Ninth Circuit to vacate the same preliminary injunction he asks the court to enjoin here. *Second*, he asks the Arizona district court for the same governing-controls relief he asks the court here to grant as an "alternative path" to granting his TRO. Doc. 1 at 46. Plaintiff filed an Emergency Motion to Modify Preliminary Injunction to Preserve Evidence and Protect Litigation Rights in the Arizona case on July 5, 2025. *Early Warning Services*, No. 24-1587, ECF No. 185. There, plaintiff "requests modification to require court supervision of any forensic imaging[.]" *Id.* at 1. In his TRO motion here, plaintiff likewise suggests, in an alternative to injunctive relief, similar modifications. Doc. 1 at 4–5, 46 ("If imaging proceeds, require independent special master, neutral forensic company, search term limitations, comprehensive logging, privilege protection, and security protocols[.]"). Such simultaneous requests threaten "the overarching goal to avoid

8

inconsistent rulings between the two cases." *Consumers Unified*, 2024 WL 4399473, at *7 (quotation cleaned up). These bids for similar relief from the Ninth Circuit, the Arizona district court, and this court satisfy the requisite substantial overlap in the first-to-file rule's factor three.

All three first-to-file factors thus indicate the court is likely to abstain. And plaintiff never establishes that any equitable exception negates that conclusion. *See id.* at *8 ("The first to file rule is subject to equitable exceptions, which the second-filing party must prove."). The doctrine of federal comity, which underlies the first-to-file rule, also recommends such a conclusion. The court here likely will abstain, declining to assert jurisdiction and thus foreclosing any finding of substantial likelihood of success on the merits. *Cf. Culbertson*, 2025 WL 1368846, at *4 ("If the Court lacks jurisdiction, it forecloses any finding of substantial likelihood of success on the merits." (quotation cleaned up)). So, plaintiff fails to satisfy the first requirement for a temporary restraining order, and the court needn't consider the other factors. *See Colorado*, 989 F.3d at 890.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Temporary Restraining Order (Doc. 4) is denied. The portion of plaintiff's motion requesting a preliminary injunction remains pending.

**IT IS SO ORDERED.**

**Dated this 8th day of July, 2025, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**