## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WARREN V. JOHNSON,**

    **Plaintiff**,

v.

**EARLY WARNING SERVICES, LLC,**

    **Defendant**.

Case No. 25-2364-DDC-TJJ

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Warren V. Johnson[1] asks our court to enjoin a preliminary-injunction order

issued by the United States District Court of the District of Arizona—an order later affirmed by

the Ninth Circuit.  The contested order arose in the context of a lawsuit initiated by Early

Warning Services, LLC (EWS)—defendant here.  According to EWS's Complaint in the Arizona

action, Mr. Johnson once worked for EWS as an intellectual property attorney.[2]  But EWS

terminated his employment for workplace misconduct.  After that termination, EWS alleged, Mr.

---

[1]     Plaintiff appears pro se.  Typically, the court construes pro se filings liberally and holds pro se parties "to a less stringent standard than formal pleadings drafted by lawyers."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the pro se plaintiff here is an attorney.  *See* Doc. 1 at 9 ("Mr. Johnson is a practicing attorney with over a decade of experience." (quotation cleaned up)).  So, the court tempers the liberal treatment typically extended to pro se parties.  *See Tatonka Cap. Corp. v. Connelly*, 390 F. Supp. 3d 1289, 1291 n.1 (D. Colo. 2019) ("Mr. Connolly appeared at the trial pro se, but he is an attorney and the Court treats him as a represented party." (quotation cleaned up)), *aff'd*, 839 F. App'x 206 (10th Cir. 2020).

[2]     *See* Complaint, *Early Warning Services, LLC v. Johnson* [*Early Warning Services*], No. 24-1587 (D. Ariz. filed June 28, 2024), ECF No. 1.  The court takes judicial notice of the filings and rulings in this Arizona district court and, on appeal, in the Ninth Circuit, because they directly relate to matters at issue in this case.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Johnson misappropriated trade secrets and breached his fiduciary duties and his contract, resulting in unjust enrichment, among other things. EWS thus requested a preliminary injunction permitting it to review Mr. Johnson's electronic devices, and the Arizona district court granted it.[3] The Arizona order ruled, in part, that Mr. Johnson must provide EWS with access to electronic devices and email that may contain EWS's confidential information or trade secrets for forensic imaging. On appeal, the Ninth Circuit affirmed the Arizona order granting the preliminary injunction.[4]

Here, Mr. Johnson's Amended Complaint asserts that the Arizona order's scope—providing unlimited access to his electronic devices—violates his Fourth Amendment and due process rights and constitutes a conspiracy to violate his civil rights. Doc. 8 at 6–8 (Am. Compl. ¶¶ 28–45). And so, he asks this court to enjoin permanently the forensic imaging ordered by the Arizona court. *Id.* at 9 (Am. Compl. ¶ B).

Mr. Johnson twice requested a Temporary Restraining Order (TRO). Doc. 4; Doc. 9. The court denied emergency relief but left pending his requests for a preliminary injunction. Doc. 6; Doc. 10. EWS then filed a Motion to Dismiss (Doc. 16). This Order dismisses both the pending preliminary-injunction requests and EWS's motion. It does so because court concludes it lacks jurisdiction to enjoin an order issued by another federal district court—the precise relief Mr. Johnson requests.[5] Doc. 8 at 9 (Am. Compl. ¶ B).

---

[3]    *Early Warning Services*, ECF No. 70.

[4]    *Early Warning Servs., LLC v. Brandon O'Loughlin, P.A.Z.E. LLC*, No. 24-7315, 2025 WL 1895313, at *2 (9th Cir. July 9, 2025).

[5]    The court denied Mr. Johnson's TRO motions by concluding he was unlikely to succeed on the merits of his claim because the court likely would abstain from exercising jurisdiction under the first-to-file rule. Doc. 6 at 3–4. It found significant overlap in the alleged fraud and retaliation issues presented here and those same issues argued before the Arizona district court and the Ninth Circuit. *Id.* at 5–6. But plaintiff's Amended Complaint removed those allegations, instead premising his request for relief on the

## I.    Jurisdictional Analysis

This case presents the question whether this court may review and enjoin an order issued by another federal district court.  Courts at every level of the federal court system have answered this question the same way.  Start with our Circuit.  The Tenth Circuit addressed an analogous jurisdictional question in the context of filing restrictions.  In *Carter v. United States*, the Southern District of Texas had imposed a mandatory injunction against appellant, restraining his right to file lawsuits "in state and federal courts throughout the country."  733 F.2d 735, 736 (10th Cir. 1984).  Appellant then sought relief from the injunction in a district court in the Tenth Circuit.  On appeal from that district court case, our Circuit concluded that "the district court is without jurisdiction to afford relief from a mandatory injunction issued from a federal district court sitting in another circuit."  *Id.*; *see also Lynn v. Willnauer*, No. 19-cv-03117-HLT, 2021 WL 4079105, at *2 (D. Kan. Sept. 8, 2021) (refusing to modify filing restrictions imposed by another judge, reasoning that plaintiff "seeks an improper intrusion into the administration of an action pending before another judicial officer." (quotation cleaned up)).

Later, the Circuit reiterated the same jurisdictional principle in a relief from judgment case.  *See Green v. Citigroup, Inc.*, 68 F. App'x 934, 935–36 (10th Cir. 2003).  In *Green*, an appellant sought relief from judgments entered against him in two lawsuits in the Northern District of Texas.  *Id.*  He appealed the judgments to the Fifth Circuit without success.  *Id.*  The district court in *Green* had premised its dismissal on jurisdictional concerns:

> Plaintiff is basically requesting this court to vacate or overrule the judgments rendered by other federal district courts and the Fifth Circuit Court of Appeals.  It

---

scope of the preliminary injunction order.  *See, e.g.*, Doc. 8 at 1–2 (describing search permitted by the Arizona district court as "comprehensive," "without particular descriptions," and providing "unlimited access to protected materials" thus allegedly violating the Fourth Amendment).  Given this shift in focus, this Order's jurisdictional analysis relies on general tenets of comity and proper order within the federal court system, instead of a specific doctrine.  The conclusion that it should decline to exercise jurisdiction, however, persists.

> is axiomatic that one district court has no jurisdiction to review the decision of another district court. . . . "It is for the court of the first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." This court simply does not have jurisdiction to grant plaintiff the relief which he seeks.

*Id.* at 936 (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)) (quotation cleaned up). The Tenth Circuit affirmed, concluding that "the district court [in *Green*] properly declined to exercise jurisdiction and dismiss Green's claims without prejudice." *Id.* This conclusion aligns with holdings by courts up and down the federal system.

The United States Supreme Court articulated this principle of federal comity when a litigant sought to attack—collaterally—a bankruptcy court's injunction in the federal courts in Texas. *Celotex*, 514 U.S. at 313. The Court laid out the proper orderly review of the injunction. "If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal to the district court for the judicial district in which the bankruptcy judge is serving, and then to the Court of Appeals for the Eleventh Circuit[.]" *Id.* (quotation cleaned up). And it concluded the litigant's collateral attack in the Texas federal courts "cannot be permitted . . . without seriously undercutting the orderly process of the law." *Id.*

Circuits around the country also have invoked this collateral-attack principle. *See, e.g.*, *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) ("[O]ne district court does not have jurisdiction to review the decisions of another district court or federal appellate court[.]"); *In re McBryde*, 117 F.3d 208, 225 n.11 (5th Cir. 1997) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction." (quotation cleaned up)). Similarly, other district courts—in this Circuit and elsewhere—have declined to exercise jurisdiction over orders issued by another district judge.

*See, e.g.*, *Haycraft v. Lincoln Meadows Apartments*, No. 15-1228-JTM, 2015 WL 6811935, at *1 (D. Kan. Nov. 5, 2015) ("The present litigation thus reflects an attempt to obtain district court review of earlier decisions by another judge of this court . . . . this is not the proper forum for . . . the review of a decision by another judge[.]"); *Eissa v. Aetna Life Ins. Co.*, No. 09-1268-MLB, 2011 WL 3611492, at *1 (D. Kan. Aug. 16, 2011) ("This court has no authority to reconsider or change the order of another judge of this court which, in effect, is the relief plaintiff seeks."); *Hands v. U.S. Dist. Ct. for S. Dist. of Ala.*, No. CV 05-0311-WS-M, 2005 WL 8158728, at *3 (S.D. Ala. June 3, 2005) ("[A]n oft-cited principle of law dictates that judges of coordinate jurisdiction ought not overrule each other's decisions. . . .  Simply put, the orderly, consistent administration of justice obliges a district court to respect the ruling of its peer tribunal in a particular matter, staying its hand by declining jurisdiction rather than creating a risk of conflicting orders in the same matter.").  The court thus concludes it should decline to exercise jurisdiction over Mr. Johnson's request seeking to enjoin the Arizona district court's injunction.

Further bolstering this conclusion, another district court considering facts parallel to those presented here likewise declined to exercise jurisdiction.  *See Bell v. United States*, 521 F. Supp. 2d 462, 463 (D. Md. 2007), *aff'd*, 275 F. App'x 221 (4th Cir. 2008).  In *Bell*, the United States District Court for the Middle District of Pennsylvania had issued an order permanently enjoining Bell from promoting and marketing abusive tax schemes.  *Id.*  And the Third Circuit had affirmed that order.  *Id.*  Bell then sought relief from the injunction in the United States District Court for the District of Maryland.  *Id.*  The Maryland court concluded it "d[id] not have the power to void the injunction[.]"  *Id.*  It explained that an "issuing court has continuing jurisdiction to modify or revoke its injunction."  *Id.*  So, if it "entertained Bell's motion, it would seriously interfere with the inherent power of the issuing court to supervise its order."  *Id.*  And it

emphasized that "considerations of comity and orderly administration of justice demand that a nonrendering court decline jurisdiction of an action to void an injunction rendered in another federal district court." *Id.* (quotation cleaned up).  Finally, the court explained the proper course for Bell's grievance:  he could have appealed after the Third Circuit affirmed the order.  His failure to do so "d[id] not grant [the] court jurisdiction to review Pennsylvania's Order." *Id.* at 464.

The same result follows here.  The Arizona district court issued an order granting EWS's request for a preliminary injunction against Mr. Johnson.  *Early Warning Services*, ECF No. 70. Mr. Johnson appealed the order to the Ninth Circuit, who affirmed.  *Early Warning*, 2025 WL 1895313, at *2.  Now, Mr. Johnson asks our court for the relief he couldn't secure from the Ninth Circuit, invoking the allegedly problematic scope of the Arizona order.  *See, e.g.*, Doc. 8 at 5 (Am. Compl. ¶ 22) ("The court authorized comprehensive forensic imaging of entire devices and accounts to find allegedly known emailed documents.  This violates Fourth Amendment proportionality by authorizing searches far broader than necessary for the alleged wrongdoing.").

But the Ninth Circuit expressly addressed the scope of the Arizona order when it affirmed.  It held that "the district court did not abuse its discretion *in the scope of the injunctive relief*." *Early Warning*, 2025 WL 1895313, at *2 (emphasis added).  And the Ninth Circuit explained its ruling on the scope issue, identifying the particular circumstances of the case: "[G]iven that Johnson continues to reveal more EWS[] documents within his possession, the order requiring Johnson to give access to his electronic accounts and electronic devices for a forensic search for EWS's documents is narrowly tailored in this context." *Id.*  Were this court to weigh in on these scope questions now, it would "seriously undercut[] the orderly process of the law." *Celotex*, 514 U.S. at 313.  The court thus declines to do so.  And the court dismisses the

pending motions in this case—save a pending sealing motion—for lack of jurisdiction.  The

court addresses the sealing motion, next.

## II.    Sealing Motion (Doc. 17)

"A court has authority to seal documents before it, based upon the court's inherent

supervisory authority over its own files and records."  *United States v. Pickard*, 733 F.3d 1297,

1300 (10th Cir. 2013).  And that authority persists "even if the case . . . has ended."  *Id.*  "While

dismissal terminates a court's subject-matter jurisdiction over the substantive merits of an action,

the Court nonetheless 'retains the inherent authority to issue orders on matters collateral to the

merits.'"  *Miller v. Bahakel Commc'ns, Ltd.*, No. 20-cv-0791-WJM-KMT, 2021 WL 662307, at

*2 (D. Colo. Feb. 19, 2021) (quoting *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir.

2014)).

The Supreme Court recognizes "a general right to inspect and copy public records and

documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435

U.S 589, 597 (1978).  Nevertheless, a party may rebut the presumption of access to judicial

records by demonstrating that "countervailing interests heavily outweigh the public interests in

access."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (quotation cleaned up).  The

party seeking to deny access must shoulder the burden to establish a sufficiently significant

interest outweighing the presumption of access.  *Id.* (quotation cleaned up).

Here, EWS seeks to seal permanently information it identifies as privileged—"the

contents of a Microsoft Teams chat . . . between Johnson, then EWS's Senior Intellectual

Property Counsel, and EWS's General Counsel, Tracy Cheney."  Doc. 17 at 1.[6]  The Arizona

---

[6]    EWS's motion also sought to seal various filings temporarily, on an emergency basis.  Doc. 17 at
5.  The court granted the temporary aspect of the motion and directed the Clerk of the Court to seal
provisionally the identified filings and any response by Mr. Johnson.  Doc. 20.  The court left pending the
portion of EWS's motion requesting permanent sealing.  *Id.*  It rules that unresolved issue here.

district court explained that the Teams chat "contains Johnson's legal advice to EWS regarding a [then] pending contract negotiation" and described it as "undoubtedly privileged." *Early Warning Services*, ECF No. 70 at 10. The Ninth Circuit also deemed the Teams chat information privileged. *See Early Warning*, 2025 WL 1895313, at *2 ("The Teams Chat contains privileged information which defendants have repeatedly posted in public court filings and online."). In a later order, the Arizona district court detailed its repeated warnings to Mr. Johnson "that he cannot disclose information that is subject to EWS's attorney-client privilege." *Early Warning Services*, ECF No. 183 at 12 (identifying six docket entries where such a warning issued). But, according to the Arizona court, the "repeated warnings . . . did not frustrate [Mr. Johnson's] continued practice of placing confidential information on the public docket." *Id.*

EWS asserts Mr. Johnson has repeated this practice again here, knowingly disclosing in his filings in this case "the *very same privileged information*" which the Arizona district court and the Ninth Circuit have sealed. Doc. 17 at 2 (emphasis in original). So, EWS asks that the unredacted versions of filings containing this information remain permanently under seal. *Id.* at 5. And EWS requests that the court order Mr. Johnson to file a public version of those documents—with the redactions proposed in Exhibit A (Doc. 18-1). *Id.* at 6.

In his response to EWS's sealing motion here, Mr. Johnson urges this court to conduct "its own analysis under Federal privilege law[.]" Doc. 21 at 6. He also contends that "[n]o privileged content exists in [his] filings" but that EWS instead continues its "documented pattern of weaponizing sealing." *Id.* at 1, 2. And he asserts that "the alleged disclosure is mere reference." *Id.* at 2 (quotation cleaned up).

The district court exercises its discretion to seal court records "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. So, the court takes into

account the backdrop of this case, including the prior warnings and sealing orders of the Arizona district court and the Ninth Circuit.  With these facts and circumstances in view, the court concludes that the filings here "might have become a vehicle for improper purposes."  *Id.* at 598.  *Nixon* explained that the "common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal[.]"  *Id.* (quotation cleaned up).

The court doesn't purport to know Mr. Johnson's purposes when he filed the contested information in this case.  But his choice to do so after the Arizona district court and the Ninth Circuit repeatedly had ordered the same information sealed raises the specter of improper purpose.  And it implicates the federal comity considerations already expressed in this Order, namely those of "respect[ing] the rulings of [a] peer tribunal in a particular matter[;]" and avoiding "a risk of conflicting orders[.]"  *Hands*, 2005 WL 8158728, at *3.  Were the court here to decide to unseal the very information sealed by these other courts, it would encroach on peer tribunals' attempts to restrict that access.  So, out of concerns for federal comity, and noting all the while the possibility of an improper purpose, the court grants EWS's Motion to Seal Portions of Plaintiff's Complaint, Amended Complaint, Exhibits, and Emergency Motion (Doc. 17).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for a Preliminary Injunction (Doc. 4) is dismissed.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Preliminary Injunction (Doc. 9) is dismissed.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Dismiss (Doc. 16) is dismissed.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Stay Deadlines (Doc. 24)

is dismissed.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Seal (Doc. 17) is granted. The court directs the Clerk of the Court to remove the provisional designations and leave Doc. 1; Doc. 1-5; Doc. 8; Doc. 8-5; Doc. 9; Doc. 18-1; Doc. 18-2; and Doc. 21 permanently under seal.

**IT IS FURTHER ORDERED THAT** plaintiff shall file redacted versions of Doc. 1; Doc. 1-5; Doc. 8; Doc. 8-5 and Doc. 9, versions that correspond with the highlighted redactions in Doc. 18-1.  Plaintiff shall also file a redacted version of Doc. 21 that redacts any of the terms or phrases highlighted in Doc. 18-1.

**IT IS FURTHER ORDERED THAT** defendant shall file a redacted version of Doc. 18-1 and Doc. 18-2.

**IT IS FURTHER ORDERED THAT** the court directs the Clerk of the Court to close this case.  The court lacks subject matter jurisdiction to decide its dispute.

**IT IS SO ORDERED.**

**Dated this 18th day of February, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**